EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* GREGORIO RODRÍGUEZ y SANTOS OCASIO, acusados y apelantes.

Núm. 7788.—*Sometido:* Noviembre 9, 1939. *Resuelto:* Enero 10, 1940.

*F. M. Susoni, Jr.,* abogado de los apelantes; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

Gregorio Rodríguez y Santos Ocasio fueron convictos del delito de libelo infamatorio. Alegan que la corte de distrito cometió error al dictar sentencia por la prueba aducida en el juicio, toda vez que la hoja suelta en cuestión era una co-

municación privilegiada, y el fiscal estaba en la obligación de probar con prueba extrínseca la malicia por parte de los acusados.

El artículo publicado imputaba a Ernesto Machado, po-licía insular, una serie de actos criminales. La corte de distrito declaró sin lugar una moción de *nonsuit* presentada. Los acusados no ofrecieron prueba. No se pretendió demostrar que los cargos contra el policía fueran ciertos o que los acusados tenían razón para creer que así lo eran. Nada había que indicara que la publicación de la hoja suelta se hizo con sana intención y para fines justificables o que hubo ocasión o motivo propicios o justificación o excusa para su publicación.

Los artículos 245, 246 y 251 del Código Penal proveen:

"Artículo 245.—Se presumirá maliciosa toda publicación injuriosa, si no se probare que hubo motivo justificable para hacerla.

"Artículo 246.—En todos los procesos promovidos por libelo, se podrá testificar la verdad ante el tribunal o jurado, y si éste estimare ser cierto lo denunciado como infamatorio, y haberse publicado con sana intención y para fines justificables, deberá absolverse libremente al acusado; incumbiendo al jurado determinar las cuestiones de hecho y de derecho."

"Artículo 251.—Una comunicación dirigida a persona interesada en tal comunicación, por otra persona que también lo estuviere, o cuyas relaciones con aquélla justificare la suposición de haber obrado sin malicia, no deberá presumirse maliciosa, sino que se tendrá por comunicación privilegiada."

Los apelantes descansan en la siguiente jurisprudencia: *Pueblo* v. *Polo,* 14 D.P.R. 786, 789; Nota al caso de *Kennerly* v. *Hennessy,* 19 A.L.R. 1490, 1494; *City of Chicago* v. *Tribune Co.,* 139 N. E. 86; 28 A.L.R. 1368–1377; *Abraham* v. *Baldwin,* 42 So. 591; *Quiñones* v. *J. T. Silva Banking & Commercial Co.,* 16 D.P.R. 696, y 17 R.C.L. 342.

El Fiscal de esta Corte ha citado: *Pueblo* v. *Sierra,* 48 D.P.R. 261; *Pueblo* v. *Lastra Chárriez,* 50 D.P.R. 118; *Pueblo* v. *Mirayes,* 52 D.P.R. 319; 2 Wharton Criminal Law, pág.

2302, sec. 1979; Id., 2026, sec. 2012; 2 Brill Criminal Encyclopedia 1340, sec. 808; Id. 1348, sec. 811, 813.

El alegato de los apelantes ha dejado de convencernos de que la hoja suelta era una comunicación privilegiada.

*La sentencia apelada debe ser confirmada.*